# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mesa Moving and Storage San Fran LLC,<br><br>Plaintiff,<br><br>v.<br><br>Kova Products Incorporated,<br><br>Defendant. | No. CV-25-00796-PHX-ASB<br><br>**REPORT AND RECOMMENDATION** |

**TO HON. STEPHEN M. MCNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court is Plaintiff's Renewed Motion for Default Judgment (Doc. 19). No Response was filed to the Motion, and the time for same has passed. For the reasons below, undersigned recommends the Motion be granted and default judgment be entered. Undersigned provides this Report and Recommendation to the District Judge pursuant to General Order 21-25 because not all parties to this matter have consented to the jurisdiction of the undersigned Magistrate Judge.

## I.    PROCEDURAL HISTORY

On March 8, 2025, Plaintiff Mesa Moving and Storage San Fran, LLC, d/b/a S&M Moving and Logistics, filed a Complaint against Defendant Kova Products, Inc. (Doc. 1.) Defendant was served through statutory agent, pursuant to Ariz. R. Civ. P. 4.1(i). (*See* Doc. 9.) Defendant did not file a responsive pleading.

On May 5, 2025, the Court issued an Order to Show Cause for failure to prosecute.

(Doc. 10.)  Plaintiff then filed an Application for Entry of Default, and the Clerk of Court thereafter entered default.  (Docs. 11, 12.)  Therefore, the Court set aside its Order to Show Cause.  (Doc. 16.)

On May 12, 2025, Plaintiff filed its Amended[1] Motion for Default Judgment.  (Doc. 14.)  The Court denied that Amended Motion without prejudice because the Amended Motion was deficient.  (Doc. 17.)  Specifically, the Court noted that the Amended Motion did not contain any discussion of jurisdiction or the factors enumerated by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  (Doc. 17 at 2.)

After having received no default judgment motion after its Order denying the Amended Motion, the Court issued its second Order to Show Cause for failure to prosecute on December 4, 2025.  (Doc. 18.)  On December 5, 2025, Plaintiff filed the instant Motion.[2] (Doc. 19.)  No response to the Motion was filed, and it is ripe for ruling by the Court.

**II.  DEFAULT JUDGMENT STANDARD**

Once default has been entered as to a party, the Court has discretion to enter default judgment against that party.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

After the Court has been satisfied that it has personal and subject matter jurisdiction, the Court must consider the factors enumerated by the Ninth Circuit in *Eitel* when deciding whether to grant default judgment.  782 F.2d at 1471-72.  Those factors are:  "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

---

[1] Plaintiff's original default motion (Doc. 13) was withdrawn.  (Doc. 15.)
[2] Because Plaintiff filed a motion that complies with the Court's second Order to Show Cause, the Court will set aside its second Order to Show Cause; see order below.

- 2 -

Procedure favoring decisions on the merits." *Id.* Upon default, and thus when applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). In its default judgment analysis, the Court "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

## III. ANALYSIS

Undersigned has considered the record of these proceedings, including the exhibits attached to the Complaint (Doc. 1) and the declaration of Plaintiff's counsel in support of the instant Motion (Doc. 19). Undersigned finds that Plaintiff has complied with the requirements of Rule 55 of the Federal Rules of Civil Procedure.

### A. Jurisdiction

Plaintiff brings three Arizona state law claims and asserts the parties are diverse from each other and the amount in controversy exceeds $75,000.00. (Doc. 1 at 2-5.) Specifically, in pertinent part, Plaintiff alleges: (1) Plaintiff is a Colorado limited liability company whose members are domiciled in Colorado and California; (2) Defendant is a Delaware corporation with its principal place of business in Phoenix, Arizona; and (3) the amount in controversy is $305,945.84 in damages. (*Id.* at ¶¶ 1, 2, and 14-16.) Under 28 U.S.C. § 1332(a)(1), this Court has subject matter jurisdiction over a civil action where the amount in controversy exceeds $75,000.00 and the action is between citizens of different States. Taking Plaintiff's allegations as true, *Geddes*, 559 F.2d at 560, the Court concludes it has subject matter jurisdiction. Personal jurisdiction exists, as Plaintiff has alleged Defendant's principal place of business is in this District, and the record establishes service was effectuated upon Defendant.

Because jurisdiction is proper, the Court turns to the *Eitel* factors.

### B. *Eitel* Factors

In deciding whether to grant default judgment, the Court must weigh "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the

possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

### 1. Possibility of prejudice to Plaintiff

Under the first factor, the Court considers the possibility of prejudice to Plaintiff. Here, the Court finds the first factor weighs in Plaintiff's favor. Plaintiff has prosecuted this case since its inception, and Defendant has not participated in this matter whatsoever since being served. Plaintiff has no alternative means to resolve the claims in its Complaint against Defendant. Thus, there is a strong possibility of prejudice to Plaintiff if default judgment is not entered. *See Capitol Specialty Ins. Corp. v. Chaldean LLC*, No. CV-21-00342-PHX-MTL, 2022 WL 2953062, at *3 (D. Ariz. Jul. 25, 2022) (citation omitted) (finding the same in an action for breach of contract and unjust enrichment because the plaintiffs would be without recourse if default judgment were denied). Therefore, the first factor weighs in favor of default judgment.

### 2. Merits of Plaintiff's claims and sufficiency of the Complaint

Under the second and third factors, the Court must consider the merits of each claim made in the Complaint, as well as the Complaint's sufficiency. Given the interplay of the second and third factors, the Court considers them together. *See Eitel*, 782 F.2d at 1472. As described immediately below, both factors weigh in favor of granting default judgment. The Court finds the Complaint contained sufficient detail regarding each claim. (*See* Doc. 1.) The allegations are taken as true. *Geddes*, 559 F.2d at 560.

Plaintiff's first claim is for breach of contract. (Doc. 1 at 3-5.) In an action for breach of contract, the plaintiff has the burden to prove the existence of a contract, breach, and resulting damages. *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975). Plaintiff provides transportation, warehousing, and logistics services, and Defendant is a retailer of construction components and materials. (Doc. 1 at ¶¶ 5-6.) According to the undisputed facts in the Complaint, the parties entered into a purchase order and invoice relationship, and Defendant agreed to pay the invoices in accordance with the terms and conditions on

those invoices. (*Id.* at ¶¶ 8-10.) According to the undisputed facts, Plaintiff provided the agreed-upon services to Defendant, issued invoices for those services to Defendant per the parties' agreement, and Defendant failed to provide consideration for the services. (*Id.* at ¶¶ 10-13.) Undersigned finds Plaintiff has demonstrated the merits of Count 1, and the Complaint sufficiently details the claim.

Plaintiff's second claim is for unjust enrichment (Doc. 1 at 4-5), which requires a plaintiff prove "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. Ct. App. 2011). "A claim for unjust enrichment may exist where a person confers a benefit to his detriment on another and allowing the other to retain that benefit would be unjust." *Baughman v. Roadrunner Commc'ns, LLC*, No. CV-12-565-PHX-SMM, 2014 WL 3955262, at *4 (D. Ariz. Aug. 13, 2014) (citing *USLife Title Co. of Ariz. v. Gutkin*, 732 P.2d 579 (Ariz. Ct. App. 1986)). "Under Arizona law, the doctrine of unjust enrichment is a 'flexible, equitable remedy available whenever the court finds that the defendant .... is obliged by the ties of natural justice and equity to make compensation for the benefits received.'" *Isofoton, S.S. v. Giremberk*, No. CV-04-0798-PHX-ROS, 2006 WL 1516026, at *3 (D. Ariz. May 30, 2006) (quoting *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1024 (D. Ariz. 2003) (internal quotation marks omitted)). Notably, plaintiffs are permitted to plead unjust enrichment alternatively to a breach of contract claim. *Id.* (quoting *Arnold*, 275 F. Supp. 2d at 1030 ("The mere existence of a contract governing the dispute does not automatically invalidate an unjust enrichment alternative theory of recovery.").

Here, the Complaint does not allege a written, executed contract between parties; instead, it alleges the parties agreed that Defendant would pay Plaintiff for services provided, Plaintiff invoiced Defendant with terms and conditions requiring payment, Defendant did not pay for the services that were rendered, and there is no justification for the failure to pay. (*See* Doc. 1 at ¶¶ 8-13, 24-30.) Thus, this form of alternative pleading

is permitted and does not defeat default judgment on unjust enrichment.  S*ee also Prosisat SA de CV v. FAMA Energy Res., LLC*, No. CV 23-00054-TUC-JAS (LCK), 2024 WL 1976038, at *2 (D. Ariz. Feb. 22, 2024) (finding plaintiff could recover on default judgment on either theory), *report and recommendation adopted*, 2024 WL 1961869 (D. Ariz. May 3, 2024); *see also Black & Decker (U.S.), Inc. v. All Spares, Inc.*, No. CV 09-2126-PHX-MHM, 2010 WL 3034887, at *2 (D. Ariz. Aug. 3, 2010) (finding second and third *Eitel* factors favored default judgment when alternative theories of breach of contract, unjust enrichment, and account stated were pled). Undersigned finds Plaintiff has sufficiently detailed a meritorious claim for unjust enrichment.

Third and finally, Plaintiff pleads the Arizona state law claim of action on account stated.  (Doc. 1 at 5.) "Under Arizona law, an account stated occurs when persons with an open and running business account mutually agree to settle and strike a balance." *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1404 (9th Cir. 1996); *ARA Inc. v. City of Glendale*, 360 F. Supp. 3d 957, 969 (D. Ariz. 2019) (citing *Ralston v. Morgan*, 73 P.2d 94, 96 (Ariz. 1937) ("The law seems to be well settled that, when persons who have had business dealings with each other and between them there has been an open running account which they have mutually agreed to settle and have struck balances, such settlement becomes an account stated....").  "The account stated is a new promise and takes the place of the items of the open account." *ARA Inc.*, 360 F. Supp. 3d at 969 (quoting *Ralston*, 73 P.2d at 96).  "To recover on an open account, the plaintiff must meet its burden to prove 'the correctness of the account and each item thereof.'"  *Broadband Dynamics, LLC v SatCom Mktg.*, 418 P.3d 1055, 1058 (Ariz. Ct. App. 2018) (quoting *Holt v. W. Farm Servs., Inc.*, 517 P.2d 1272, 1274 (Ariz. 1974)).  Here, Plaintiff has alleged there was a running, open account between Plaintiff and Defendant for services rendered by Plaintiff to Defendant; Defendant agreed to pay Plaintiff for those services and was invoiced for the services; and Defendant did not pay the invoiced sum(s).  (Doc. 1 at ¶¶ 8-16.)  The Complaint includes a spreadsheet with the dates and details of services rendered, as well as the matching invoice numbers, dates, and totals.  (*Id.* at 10-11.)  Accordingly,

- 6 -

undersigned finds Plaintiff has alleged a meritorious claim for action on account stated in sufficient detail to demonstrate the correctness of the amount owed by Defendant.

Thus, the second and third *Eitel* factors favor granting default judgment as to all three of Plaintiff's claims.

### 3.    Amount of money at stake

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct." *McKesson Med.-Surgical Inc. v. Custom Glass and Synthetic Design, LLC*, No. CV-21-01471-PHX-DGC, 2021 WL 6112866, at *2 (D. Ariz. Dec. 23, 2021).  This Court has previously found that when $350,000 was at stake as a result of an alleged failure to pay for goods received, the amount was "substantial" and this factor weighed against default judgment.  *Id.* (citing *Bd. of Trustees of Sheet Metal Workers Loc. 104 Health Care Plan v. Vigil*, No. C 07-01508 WHA, 2007 WL 3239281, at *2 (N.D. Cal. Nov. 1, 2007) (noting that "default judgment is disfavored if there were a large sum of money involved"); *J & J Sports Prods., Inc. v. Cardoze*, No. C 09-05683 WHA, 2010 WL 2757106, at *5 (N.D. Cal. July 9, 2010) (explaining that "a large sum of money at stake," such as the request for $114,200 in damages, "would disfavor default judgment")).  Here, the alleged amount unpaid for services rendered is $305,945.84.  (Doc. 19-1 at 6-7.) While the sum appears reasonable based on the invoice totals provided by Plaintiff (*see id.*), this factor arguably weighs against default judgment because there is a large amount of money at stake.

### 4.    Possibility of factual dispute

The fifth factor requires the Court to consider the possibility of dispute concerning the material facts.  This factor favors default judgment, as Defendant has failed to participate in this matter since being served.  Since that time, Defendant has made no discernible effort to meaningfully challenge Plaintiff's Complaint or engage in the discovery process.  Further, the Court has taken Plaintiff's allegations as true as required under *Geddes*.  559 F.2d at 560.  This factor weighs in favor of dismissal.

//

### 5. Excusable neglect

Sixth, the Court considers whether the default was due to excusable neglect. The record is devoid of any indication that Defendant's failure to participate in this case or otherwise defend against the Complaint is the result of excusable neglect. Defendant was duly served with this lawsuit. (*See* Doc 9.) Thus, Defendant has been made aware of the pendency of this matter and its attendant obligations. No evidence to indicate Defendant has excusably neglected this matter is before the Court. Thus, the factor weighs in favor of default judgment.

### 6. Policy consideration

Last, the Court is mindful of "the general rule that default judgments are ordinarily disfavored," and that matters "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, Defendant has completely failed to defend this lawsuit, despite its knowledge that it is ongoing. Defendant's conduct has rendered impossible the decision of this case on its merits.

### 7. Conclusion on *Eitel* factors

After considering the *Eitel* factors, undersigned finds default judgment is appropriate and will recommend same. Consequently, undersigned now considers the amount of damages to be awarded on default judgment.

### C. Damages

When considering the amount of damages, the Court does not take the factual allegations contained in the Complaint as true. *See Geddes*, 559 F.2d at 560; *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Rather, Plaintiff is required to prove up the damages he sought in his Complaint. *Philip Morris, U.S.A. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Further, "a default judgment must not differ in kind from, or exceed in amount, what is demanded in" Plaintiff's Complaint. Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing." *Philip Morris*, 219 F.R.D. at 498 (citing Fed. R. Civ. P. 55(b)(2)).

Undersigned has carefully reviewed the Complaint (Doc. 1) and the exhibits thereto, as well as Plaintiff's counsel's sworn declaration and supporting documentation (Doc. 19-1). According to the spreadsheet attached to both the Complaint and the declaration, Plaintiff rendered services to Defendant and invoiced for the services between May 2024 and December 2024. (Doc. 1 at 10-11, Doc. 19-1 at 6-7.) The total for the unpaid services is $305,945.84. (*Id.*) After relying on the declaration with supporting documentation, the Court finds Plaintiff has proven damages in the amount of $305,945.84. Further, the Court notes that Plaintiff sought $305,945.84 in damages in its Complaint (Doc. 1 at 6); thus, the amount sought in the default motion judgment does not differ from what was originally sought in the Complaint. Consequently, undersigned will recommend damages be awarded in the amount of $305,945.84.

Finally, although originally sought in the Complaint (*see* Doc. 1 at 6), interest and attorney's fees were not sought in the instant Motion. Thus, undersigned does not address same. If the District Judge is inclined to permit a motion seeking attorney's fees to be filed, undersigned would recommend any such motion be filed within 14 days of the District Judge's grant of default judgment. If, after 14 days, no such motion is filed, undersigned would recommend the Clerk of Court be directed to close this matter.

## RECOMMENDATION

For the foregoing reasons,

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Renewed Motion for Default Judgment (Doc. 19) be **granted**, and that Plaintiff Mesa Moving and Storage San Fran, LLC, d/b/a S&M Moving and Logistics be awarded damages in the amount of $305,945.84 against Defendant Kova Products, Inc.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.

- 9 -

R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

**ORDER**

**IT IS ORDERED setting aside** the Court's second Order to Show Cause (Doc. 18).

Dated this 20th day of February, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge